IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:05CR3059 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| RENE ALVARADO, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the revised presentence investigation report in this case and the defendant's motion for deviation.

IT IS ORDERED that:

(1)     The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005).  In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2)     The defendant's motion (filing 39) for deviation (also construed as a motion for departure) is denied.  Even if I accept as true every fact recited in support

1

of the motion (see filing 40), the statutory goals of sentencing do not justify a sentence less than that called for under the advisory Guidelines.  This is particularly true given that (a) the defendant, a 49-year-old citizen of this country, agreed to perpetrate this crime when he was promised $6,000 plus a plane ticket as full payment for driving the drugs; (b) the defendant accepted $1,500 as a "down payment" for his criminal behavior; (c) the defendant has stipulated that he is not entitled to a role adjustment (filing 33); and (d) the defendant has been determined to be eligible for the leniency provided by the "safety-valve."  In short, even if the defendant drove the drug laden vehicle to keep his sole surviving adult son out of trouble, none of the statutory goals of sentencing considered separately or together provide a plainly superior and principled reason for imposing a more lenient sentence than that called for under the advisory Guidelines.[1]

(3)     The parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4)     If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

---

[1]Many people who drive drugs across this country have heart wrenching reasons that ostensibly motivate their criminal behavior.  Frankly, the defendant's story is less compelling than the stories of many others that I have heard over the last decade and more.

(5)     Absent submission of the information required by paragraph 4 of this order, my tentative findings may become final.

(6)     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.


January 5, 2006.                              BY THE COURT:

                                              s/ *Richard G. Kopf*
                                              United States District Judge